FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★   DEC 07 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

- against -

ALAN LLOYD SESS,

        Defendant.

------------------------------X

MEMORANDUM
AND
ORDER

01-CR-273 (TCP)

PLATT, District Judge.

    Defendant, Alan Lloyd Sess, has moved pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure "for relief based upon his age" and "amendments" set forth in his affidavit dated October 25, 2011, including *inter alia* "the consideration of age in the determination of a departure for a sentence below the one hundred month sentence imposed in November 2006."

    With respect to the defendant's history in this case alone, namely, that he was a fugitive who was arrested in Spain, who was formally extradicted to the United States and who pled guilty on July 21, 2003, to conspiracy to distribute in excess of a thousand kilos of marijuana, his motion for departure presents problems.

    Defendant's original Pre-Sentence Report recommended a sentencing guideline range level of 33 in criminal history category III, which

carried a period of incarceration of from 168 to 210 months. The defendant had four (4) prior Federal convictions, two (2) involving drugs - cocaine and marijuana. His last drug conviction for conspiracy to import over 1,000 kilos of marijuana from Thailand resulted in 1986 in a sentence of eight years custody. The defendant fled and did not surrender to serve that sentence.

Defendant relocated to Spain and lived under the alias "Alex Sawyer." Between 1999 and 2001, Sess negotiated with an associate in the United States, Glen Strickman, to use his connections in Thailand to arrange a "foolproof" method, via airfreight, to smuggle wholesale quantities of 500 pounds of marijuana bi-weekly into New York.

On February 19, 2001, the defendant, based on a request of the United States government, was arrested in Spain. Sess was extradited to the United States in 2002 and has remained in Federal custody since that date. He was charged and pled guilty to a case involving a statutory offense of 10 years to life with guidelines of 168 to 210 months. Since the defendant committed the instant offense while he was in a fugitive status, a sentence for the instant offense had to be imposed to run consecutively with his undischarged term of imprisonment. In short, the defendant was placed in a guideline range of 168 to 210 months and, faced with his extensive criminal history, the Court only imposed a consecutive sentence of 168 months in custody.

In brief, defendant's criminal history, which as indicated is

extensive, does not merit a modification of the sentence imposed by this Court and the application for same must be and hereby is denied.

SO ORDERED.

s/ Thomas Platt
Thomas C. Platt, United States District Judge

Dated: Central Islip, New York
December 7, 2011